# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| FRANK TETA | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-282-JRG |
| | § | |
| TWL CORPORATION, ET AL., | § | |
|     Defendants. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

On March 23, 2011, the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "Bankruptcy Court"), entered an order denying Plaintiff's Motion for Class Certification and granting the Chapter 7 Trustee's motion to dismiss the adversary proceeding. Appellant asks this court to vacate the Bankruptcy Court's March 23, 2011 order. Appellant ("Teta") appeals pursuant to 28 U.S.C. § 158(a)(1) for review of a final order of the Bankruptcy Court and the Bankruptcy Trustee-Appellee (the "Trustee") stipulates that this Court has jurisdiction over the Bankruptcy Court's March 23, 2011 order under 28 U.S.C. § 158(a). This Court finds that it has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1).

    **I.**    **Background**

Teta was employed by TWL Corporation and its subsidiary TWL Knowledge Group, Inc. (collectively "TWL") at their Carrolton, Texas headquarters until September 9, 2008, when he was laid off along with approximately 130 other employees. On October 19, 2008, TWL Corporation filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On November 4, 2008, Teta filed a Class Action Adversary Proceeding Complaint against TWL on "behalf of himself and the similarly-situated former employees of [TWL] for violations of the

WARN act." (Dkt. No. 10, at 3.) In addition to his claim under the WARN Act, Teta claims that he is entitled to attorneys' fees. (Dkt. No. 11, at 4.) TWL moved to dismiss Teta's adversary proceeding on February 9, and Teta moved on February 18, 2009 for class certification pursuant to Bankruptcy Rule 7023. The Bankruptcy Court abated both motions at the request of the parties until the size of the estate could be determined. On April 2, 2010, TWL's bankruptcy converted to Chapter 7, and the Trustee who was appointed also then opposed Teta's motion for class certification.

On March 23, 2011, the Bankruptcy Court denied the motion for class certification and dismissed the adversary proceeding for several reasons. First, the Bankruptcy Court noted that TWL's employees had filed claims, participated in the ordinary claims resolution process and that the proposed class action would "negate" that process. (Dkt. No. 11, at 6.) Second, the Bankruptcy Court found that a class action was not the "superior method" for resolving the Appellant's claims. *Id.* Finally, the Bankruptcy Court noted that the Teta had failed to meet the numerosity requirement, since the number of proposed class action plaintiffs was modest (at most 130, and likely far less). *Id.* Teta now appeals that Order.

**II. Legal Standard**

A bankruptcy court's decision to grant or deny class certification is reviewed under an "abuse of discretion" standard. *McGrew v. Texas Bd. Of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir. 1995); *In re FIRSTPLUS Fin., Inc.*, 248 B.R. 60, 78 (Bankr. N.D. Tex. 2000). However, the legal standards employed by the bankruptcy court are reviewed *de novo*. *In re Wilborn*, 609 F.3d 748, 752 (5th Cir. 2010).

Rule 23(a) sets forth four baseline requirements for class certification: numerosity, commonality, typicality, and adequacy of representation. The party seeking class certification

2

has the burden of proving that each requirement of Rule 23(a) is satisfied. *Anderson v. U.S. Dep't of Housing and Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008); *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002); *Zeidman v. J. Ray McDermott Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981). For purposes of considering a motion under Rule 23, the substantive allegations of the complaint are generally assumed to be true, and it is also assumed that the complaint states cognizable claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974).

### III. Discussion

Teta presents the following questions in this appeal:

> 1) Did the Bankruptcy Court err in denying class certification because the putative class did not meet the numerosity requirement of Rule 23(a)?
>
> 2) Did the Bankruptcy Court err in holding that the putative class failed to meet the superior method requirement of Rule 23(b)(3)?

(Dkt. No. 10, at 1.)

#### A. Numerosity Requirement

42 days before filing for Bankruptcy, TWL laid-off approximately 110 of 130 employees. The record seems clear that the largest possible universe of employees who could assert any type of claim is 130. The Bankruptcy Court noted that the deadline for filing proofs of claim in the bankruptcy case has passed, twice, and only a few TWL employees elected to file individual claims in TWL bankruptcy cases. Given their lack of participation in the claims process to-date, the Bankruptcy Court concluded that the total number of employees electing to pursue WARN act claims would likely be far less than 130. Moreover, the Court noted that even if all 130 members of the putative class elected to pursue WARN Act claims, that number would still be manageable.

Based on the evidence of record, the Court finds that the Bankruptcy Court's denial of class certification of a class of such size for failing to meet the numerosity requirement does not

3

constitute an abuse of discretion.

### B. *Superior Method Requirement*

The Bankruptcy Court also stated that it was not convinced that a class action would be a "superior method" of adjudication as required by Rule 23(b)(3)(B) as any WARN Act claims are already concentrated in the Bankruptcy Court because former employees are required to seek "allowance of such claims in order to share in any distribution from the defendants' estates." (Dkt. No. 10, at 39.) The Bankruptcy Court concluded that it "would be a waste of defendants' limited assts to move forward with this adversary proceeding when Teta is the only individual who has asserted a timely WARN Act claim, and the claims process can more expeditiously move Teta's claims down a parallel track." *Id.*

Based on the evidence of record, the Court also finds that the Bankruptcy Court's denial of class certification as failing to meet the superior method requirement does not amount abuse of discretion.

### IV. Conclusion

After carefully reviewing the parties' briefs, evidentiary records and the Bankruptcy Court's well-reasoned opinion, the Court finds that the Bankruptcy Court did not abuse its discretion when it earlier denied Teta's class certification and dismissed the related advisory proceeding cited above. This Court AFFIRMS the Bankruptcy Court's prior ruling, as now presented on appeal.

**So ORDERED and SIGNED this 13th day of February, 2012.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE